# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ARMONI MASUD JOHNSON,** | : | **CIV NO. 3:18-CV-592** |
| | : | |
| **Plaintiff,** | : | **(Judge Mariani)** |
| | : | |
| v. | : | **(Magistrate Judge Carlson)** |
| | : | |
| **SGT. BIENKOSKI, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM ORDER

**THE BACKGROUND OF THIS CASE IS AS FOLLOWS:**

This *pro se* prisoner lawsuit is now pending against several correctional staff based upon allegations set forth in the plaintiff's second amended complaint. A copy of this second amended complaint has been served upon the defendants and we are awaiting their responsive pleadings which are due on November 24, 2020. In the meanwhile, Johnson has filed a motion which seeks to depose a non-party witness, an assistant district attorney. (Doc. 44). We will DENY this motion without prejudice. In this regard we find persuasive the analysis of the court in Jackson v. Russel, 122 F. Supp. 3d 199, 200–01 (D. Del. 2015). Confronted with a similar request, the court in Jackson denied the motion, stating that:

> The court will deny without prejudice to renew plaintiff's motion for leave to depose non-party witnesses . . . upon a showing by plaintiff that he has the ability to pay for the expenses of non-party depositions . . . , including any costs associated with issuance of the subpoena, such as photocopy fees, witness fees, or mileage. Federal courts are not authorized to waive or pay witness fees for indigent litigants and an inmate proceeding in forma pauperis in a civil action may not issue subpoenas without paying the required fees. See Jacobs v. Heck, 364 Fed.Appx. 744, 748 (3d Cir.2010) (unpublished) (court did not err in holding that inmate must pay the fees and costs for any prison official he wished to subpoena for trial). See also Canady v. Kreider, 892 F.Supp. 668, 670 (M.D.Pa.1995) (finding that there is no statutory provision authorizing a federal court to waive or provide for payment of witness fees required by 28 U.S.C. § 1821(a) and holding that "a litigant proceeding in forma pauperis is required to tender witness fees as provided in § 1821 to effect service of subpoenas under Rule 45(b)(1)).

Jackson v. Russel, 122 F. Supp. 3d at 200–01.

This same rationale applies with equal force in this case. Accordingly, this motion to depose is DENIED as premature and unsupported by showing by plaintiff that he has the ability to pay for the expenses of non-party depositions, including any costs associated with issuance of the subpoena, such as photocopy fees, witness fees, or mileage.

SO ORDERED this 16th day of November 2020.

S/Martin C. Carlson
Martin C. Carlson
United States Magistrate Judge