# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ARMONI MASUD JOHNSON,** | : | **CIV NO. 3:18-CV-592** |
| | : | |
| **Plaintiff,** | : | **(Judge Mariani)** |
| | : | |
| **v.** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **SGT. BIENKOSKI, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM ORDER

In this action, the *pro se* plaintiff has filed a motion which sought to compel the production of certain discovery, alleging that the plaintiff never received discovery responses from the defendants. (Doc. 59). Th defendants have now responded to this motion, advising the Court that they responded to these requests on February 8, 2021. (Doc. 64

In light of this reply, the defendant suggests that this issue is now moot. (Doc. 30.) We agree. The mootness doctrine recognizes a fundamental truth in litigation: "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996). Since these defendants have replied to these discovery demands, any request for an order directing a response to these discovery requests is now moot. Of course, if upon

1

receipt of the responses Mr. Johnson seeks to compel further information he may endeavor to do so by a separate motion. Accordingly, for the foregoing reasons, and this motion to compel, (Doc. 59), is DEEMED MOOT.

So ordered this 11th day of February 2021.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
